## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HDI GLOBAL SPECIALITY SE, *Plaintiff*, v. STANTON VIEW DEVELOPMENTS, LLC, *et al.*, *Defendants*. | Civil Action No. 24-965 (SLS) Judge Sparkle L. Sooknanan |

## **MEMORANDUM OPINION**

This case arises from alleged construction defects at a residential condominium in Washington, D.C., developed by Stanton View Development LLC (Stanton View) and River East at Anacostia, LLC (River East). The Plaintiff HDI Global Specialty SE (HDI) issued a series of commercial general liability policies covering the construction of the condominium. Purchasers of the condominium units sued Stanton View, River East, and others in D.C. Superior Court seeking damages for significant structural defects. HDI then brought this lawsuit seeking a declaration that it has no duty to defend or indemnify Stanton View and River East. HDI named a bevy of other defendants, including various subcontractors and the purchasers of the condominiums who initiated the lawsuits in Superior Court. Six of the homeowners now seek a stay of these proceedings pending resolution of the lawsuits in Superior Court. HDI opposes the stay, arguing that the coverage questions at issue before this Court do not depend on the factual issues being litigated in Superior Court. For the reasons explained below, the Court denies the motion to stay.

## BACKGROUND

In 2014, Stanton View and River East started developing the River East Grandview Condominiums in Southeast, Washington, D.C. *See* Defs.' Mot. Stay, ECF. No. 37-1 at 2. They completed construction in February 2017. *See id.* Shortly after homeowners moved in, they discovered their units suffered from "wall cracks and uneven floors." *Id.* These issues persisted despite the homeowners' attempts to identify the source of the defects and obtain repairs. *See id.* From 2021 to 2023*,* twenty-one homeowners initiated four lawsuits in D.C. Superior Court against Stanton View, River East, their members and managers, and various other defendants involved in the construction and sale of the condominium. *See id.* at 3; Pl.'s Resp., ECF. No. 40 at 2.

Two of those lawsuits are relevant to the instant motion. In 2021, Ladonna May and seven others sued Stanton View and River East for damages arising from structural defects in their condominium units. *See* Compl., ECF. No. 1 ¶ 43. Within a year, they brought the same lawsuit against the developers' members and managers, seeking to hold them personally liable for the damages. *See id.* at ¶ 64. HDI is currently defending Stanton View, River East, and its members and managers in these lawsuits, but it has reserved its rights regarding coverage under the applicable insurance policies. *See id.* at ¶¶ 70-74.

In April 2024, HDI brought this lawsuit for declaratory relief regarding its rights and obligations to the developers under its insurance policies. *See generally id.* HDI alleges that several policy exclusions and endorsements limit or bar coverage for the claims currently pending in Superior Court. *See id.* at ¶¶ 90-94. It further alleges that any coverage is limited to property damage occurring prior to October 28, 2014, or after June 23, 2017, and that an "anti-stacking" provision in the insurance policies limits recovery from multiple policies. *See id.* at ¶¶ 95-98. Six homeowners named as Defendants in this case moved for a stay, arguing that their lawsuits in

Superior Court will resolve many of the above coverage issues. *See* Defs.' Mot. Stay. HDI opposes a stay. *See* Pl.'s Resp.

## LEGAL STANDARD

A district court "has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere." *Hisler v. Gallaudet University*, 344 F.Supp.2d 29, 35 (D.D.C. 2004) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). If a court finds it "efficient for its own docket and the fairest course for the parties" it may enter a stay. *Id.* (quoting *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979)). Judicial economy and hardship to the parties are the key considerations in evaluating a motion for a stay. *See Hulley Enters. Ltd. v. Russian Fed'n,* 211 F.Supp.3d 269, 276 (D.D.C. 2016). When assessing judicial economy, courts consider whether the independent proceedings are likely to decide important issues in the stayed case. *See Vallejo Entertainment LLC v. Small Business Administration,* No. 22-cv-1548, 2023 WL 3275634, at *1 (D.D.C. May 4, 2023). "[I]f 'the second action presents claims or issues that must be tried regardless of the outcomes of the first action,'" then "that may cut against a stay." *Univ. of Colorado Health at Memorial Hospital v. Burwell*, 233 F.Supp.3d 69, 88 (quoting Wright and Miller § 4433 p. 94 (2003)). The movant of the stay "shoulders the burden in demonstrating a 'clear case of hardship,'" *Hisler*, 344 F.Supp.2d at 35 (quoting *Landis*, 299 U.S. at 255), which is a high burden, *see, e.g.*, *Nat'l Indus. For the Blind v. VA*, 296 F. Supp. 3d 131, 138 (D.D.C. 2017) (finding "[a] stay is not a matter of right, even if irreparable injury might otherwise result") (internal citations omitted).

**DISCUSSION**

Six homeowners named as Defendants in this case argue that judicial economy and balance of hardships weigh in favor of granting a stay pending the conclusion of their lawsuits in D.C. Superior Court. They argue that those proceedings would clarify and settle key issues in this case, and they stress the burden of litigating both actions simultaneously. The Court disagrees and denies the request to stay this lawsuit.

**A. Judicial Economy**

The homeowners argue that judicial economy favors a stay of these proceedings. They claim that the lawsuits in Superior Court will resolve dispositive issues in this case, decide issues common to both cases, and conclude in a reasonable timeframe.

First, the homeowners note that their lawsuits in Superior Court are already at the summary judgment stage, and they argue that a ruling would resolve dispositive issues in this case. *See* Defs.' Mot. Stay at 7-8. Specifically, they claim that the Superior Court's findings on fault between the "the insured's work [and] that of subcontractors" will inform whether certain policy exclusions or endorsements apply to coverage under HDI's policies. *Id.* at 7. But this lawsuit is about whether HDI has a duty to defend or indemnify Stanton View, River East, and their members and managers against the allegations in Superior Court. *See* Compl. ¶¶ 88-105. Allocation of fault generally has no bearing on coverage questions under insurance policies, which largely turn on the contractual language. *Cf., e.g., Cameron v. USAA Property and Cas. Ins. Co.*, 733 A.2d 965, 968 (D.C. Cir. 1999) ("[a]n insurance policy is a contract between the insured and the insurer, and in construing it we must first look to the language of the contract").

The homeowners also argue that the Superior Court lawsuits will establish "the timeline of when defects occurred," which would in turn impact coverage under HDI's insurance policies.

Defs.' Mot. Stay at 7-8. HDI argues otherwise, noting that timeline questions are not central to the homeowners' claims in Superior Court and thus may not be decided there. *See* Pl.'s. Resp. at 8. The Court agrees that a timeline of when the defects occurred does not seem necessary to the claims pending in Superior Court. And in any event, HDI's Complaint includes allegations and exhibits that go to the relevant timeline questions, *see* Compl., Exs. 13, 14, and Stanton View and River East will have the opportunity to respond to those allegations.

Second, the homeowners contend that the Superior Court will decide issues common to both cases. They resurface the argument that the Superior Court's allocation of fault among Stanton View, River East, and their subcontractors will inform the applicability of HDI's policy exclusions. And they argue that questions about the applicability of the "anti-stacking" provisions in the insurance policies will turn on compliance with subcontractor agreements. *See* Defs.' Mot. Stay at 8. But the homeowners do not explain how any findings on fault or compliance with subcontractor agreements would affect the coverage questions before this Court.

Third, the homeowners note that any stay will be finite pending the conclusion of their cases in Superior Court. *See id.* at 6-7. Although they allege that their "case[s] are poised to move swiftly toward trial," a trial date has not been set in either action and summary judgment motions remain pending. *Id.* And of course, appeals may then follow. Moreover, the Court is not convinced that resolution of the lawsuits in Superior Court will dispose of significant issues in this action. In opposing a stay, HDI points to a litany of coverage questions to be determined under the relevant insurance policies that are not at issue in Superior Court. *See* Pl.'s Resp. at 6-10.

In sum, findings on fault and compliance, which are at the heart of the Superior Court proceedings, appear unlikely to resolve dispositive or important issues in this case. Under these circumstances, even a finite stay cuts against the Court's interest in resolving matters on its docket

as expeditiously as possible. *See Wrenn v. District of Columbia*, 179 F.Supp.3d 135, 140–41(D.D.C. 2016) (denying stay); *Jefferson v. Collins*, No. 12-cv-239, 2015 WL 13659260, at *4 (D.D.C., 2015) (same); *cf. Hulley Enterprises Ltd.*, 211 F.Supp.3d at 276 (D.D.C. Oct. 7, 2016) (finding that a stay is "warranted" where "the resolution of other litigation will likely narrow the issues in the pending case[] and assist in the determination of the questions of law involved").

### B. Balance of Hardship to the Parties

The homeowners also point to the "burden of defending duplicative litigation," arguing that a stay would prevent unnecessary expenses. Defs.' Mot. Stay at 10. But this is far from the showing required to justify such an "extraordinary remedy." *Nat'l Indus. For the Blind* 296 F. Supp. at 137; *see also Painters' Pension Trust Fund v. Manganaro*, 693 F. Supp. 1222, 1225 (D.D.C. 1988) (finding "the usual costs attendant to litigation, however great and duplicative, do not warrant a stay") (collecting cases). The Court also notes that Stanton View and River East, the primary defendants in this action who hold the relevant insurance policies, did not seek a stay.[1]

### CONCLUSION

For the foregoing reasons, the Court denies the Motion to Stay, ECF No. 37. A separate order will issue.

								_____
								SPARKLE L. SOOKNANAN
								United States District Judge

Date:   March 18, 2025

---

[1] The homeowners note that a court in this District recently stayed discovery in a different lawsuit brought by another policy insurer in light of proceedings in D.C. Superior Court. *See* Minute Order, *Travelers Cas. & Sur. Co. of Am. v. Capitol Dev. Design, Inc.*, No. 23-cv-3009 (D.D.C. Oct. 16, 2024). But all parties in that action agreed to a stay.